**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**


JOHNNY DRAWDY,

     Petitioner,

-vs-                                       Case No.  8:09-CV-1993-T-30AEP

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

     Respondents.
_____/

## **ORDER**

THIS CAUSE IS BEFORE the Court on Petitioner Johnny Drawdy's (hereinafter "Petitioner" or "Drawdy") 28 U.S.C. § 2254 petition for writ of habeas corpus (hereinafter "petition") (Dkt. 1). Petitioner challenges his 1991 convictions for two counts of lewd and lascivious acts and one count of exposure of sexual organs entered by the Circuit Court for the Thirteenth Judicial Circuit, Hillsborough County, Florida.  After carefully examining the allegations of the petition, the Court concludes *sua sponte* that it is time-barred under the provisions of 28 U.S.C. § 2244(d).  *See Jackson v. Secretary for the Department of Corrections*, 292 F.3d 1347 (11th Cir. 2002) (holding that a district court possesses discretion to raise the issue of the timeliness of a § 2254 petition for habeas corpus *sua sponte*).

The  Anti-Terrorism and Effective Death Penalty Act ("AEDPA") created a limitations period for petitions for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a

person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review…." 28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

According to his petition, Petitioner was convicted of two counts of lewd and lascivious acts and one count of exposure of sexual organs and sentenced to thirty years in prison (Dkt. 1 at pg. 1). The state appellate court affirmed on August 28, 1992 (Id. at pg. 2). Therefore, Petitioner's conviction was final before the 1996 enactment of the AEDPA. Prisoners seeking federal habeas corpus relief from a conviction which became final prior to April 24, 1996, must have filed their petition in federal court by April 23, 1997, one year after the effective date of the AEDPA. *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209 (11th Cir. 1998); *Goodman v. United States*, 151 F.3d 1335 (11th Cir. 1998). Accordingly, petitioners like Drawdy, whose convictions became final prior to April 24, 1996, have until April 23, 1997, to file a petition for writ of habeas corpus absent properly filed collateral applications in the state court which toll the statutory period, unless the Petitioner has a pending collateral attack motion/petition pending on April 23, 1997, in which case, the AEDPA one-year period begins to run at the time that motion/petition is decided.

According to Drawdy's petition, he filed postconviction motion in state court on June 27, 2003, and May 15, 2007 (Dkt. 1 at pg. 3). These postconviction motions, however, had

2

no effect on the running of the AEDPA's limitation period as they were initiated well after

the limitation period expired on April 23, 1997. *See Alexander v. Secretary, Dept. of

Corrections*, 523 F.3d 1291, 1294 (11th Cir. 2008) ("While a 3.850 motion is a tolling

motion under § 2244(d)(2), it could not toll the one-year limitations period if that period

already had expired") (citing *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)). Thus,

the instant federal habeas petition, which Petitioner handed over to prison officials for

mailing on September 23, 2009 (Dkt. 1 at pg. 1), is untimely as it was filed after expiration

of the AEDPA's one-year limitation period.

Drawdy argues that his petition is timely because he "has raised a challenge to the

subject matter jurisdiction of the state courts. This ground may be raised at anytime." (Dkt.

1 at pg. 10). Drawdy is incorrect. There is no exception under AEDPA's statute of limitation

for a § 2254 claim that the state court lacked subject matter jurisdiction. *See Johnson v.

Jones,* 2006 U.S. Dist. LEXIS 97534, 2006 WL 2092601, 2 (M.D.Ala., 2006); *Carpenter v.

Motley*, 2007 U.S. Dist. LEXIS 93194, 10-11 (W.D. Ky. Dec. 18, 2007)("AEDPA does not

extend the time limit for raising state jurisdictional claims.").

Petitioner has not shown any extraordinary circumstances that prevented him from

filing his federal petition within the one-year time limit. Therefore, Petitioner's petition is

untimely, and he is not entitled to equitable tolling.[1]

---

[1]Section 2244(d) permits equitable tolling when a petitioner untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence. *Steed v. Head*, 219 F.3d 1298 (11th Cir. 2000); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).

Even if Petitioner's petition was timely, it lacks merit. Drawdy argues that the state trial court lacked jurisdiction to try or sentence him because the charging document was defective. Drawdy's ground presents a state law issue for which federal habeas corpus relief does not lie. Whether the charging document was sufficient is a state law matter. Federal relief is available to correct only constitutional injury. *Wainwright v. Goode*, 464 U.S. 78 (1983). Federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution, not to correct errors of fact. *Herrera v. Collins*, 506 U.S. 390, 400 (1993). Even when a petition which actually involves state law issues is "couched in terms of equal protection and due process," this limitation on federal habeas corpus review is of equal force. *See Willeford v. Estelle*, 538 F.2d 1194, 1196-98 (5th Cir. 1976). A violation of Florida's jurisdictional mandates does not raise a federal constitutional issue for which federal habeas relief may be granted. *See Cook v. Morrill*, 783 F.2d 593, 595-96 (5th Cir. 1986); *Caudill v. Scott*, 857 F.2d 344, 345-46 (6th Cir. 1988).

ACCORDINGLY, the Court **ORDERS** that:

1.       Drawdy's petition for writ of habeas corpus (Dkt. 1) is DISMISSED as time barred. Even if the petition was not time barred, it would be denied on the merits.

2.       The Clerk is directed to terminate all pending motions and close this case.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Drawdy is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to

appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Drawdy has not made the requisite showing in these circumstances.

Finally, because Drawdy is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE** and **ORDERED** in Tampa, Florida on November 2, 2009.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner *pro se*

5